United States District Court
Southern District of Texas

**ENTERED**

February 26, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LAMARKUS HILL, INMATE #22853,      §
                                   §
          Plaintiff,               §
                                   §
v.                                 §      CIVIL ACTION NO. H-15-3687
                                   §
DEPUTY CALEB ALAN PERKINS,         §
                                   §
          Defendant.               §


## MEMORANDUM OPINION AND ORDER


The plaintiff, LaMarkus Hill (Inmate #22853), has filed a Prisoner's Civil Rights Complaint ("Complaint") under 42 U.S.C. § 1983 concerning his arrest by Walker County Sheriff's Deputy Caleb Alan Perkins (Docket Entry No. 1). Plaintiff has also filed a "More Definite Statement" of his claims (Docket Entry No. 7). Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  After considering all of the pleadings, the court concludes that this case should be dismissed for the reasons explained below.

## I.  Background

Hill is currently in custody at the Walker County Jail in Huntsville.[1]  On November 16, 2015, Hill turned himself in at the Jail because he was told that warrants were outstanding for his arrest on charges for fraud and forgery.[2]  Hill was approached by the defendant, Deputy Sheriff Caleb Alan Perkins, who asked Hill for his name and identification.[3]  Perkins then placed Hill under arrest.[4]  Hill has been charged by grand jury indictment with fraud and forgery in the 278th District Court of Walker County, Texas, in cause numbers 27,571 and 27,573.[5]

Hill contends that his arrest was illegal because Deputy Perkins did not have a warrant "on his person or in his possession" when he took Hill into custody.[6]  Hill seeks monetary damages under 42 U.S.C. § 1983 in the amount of $90,000.00 for violations of his civil rights.[7]

## II.  Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of the Constitution or of federal law and

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]Id. at 4.

[3]Id.

[4]Id.

[5]More Definite Statement, Docket Entry No. 7, p. 2.

[6]Complaint, Docket Entry No. 1, p. 4.

[7]Id.

that the violation was committed by someone acting under color of state law.  See Atteberry v. Nocona General Hospital, 430 F.3d 245, 252-53 (5th Cir. 2005).  Hill does not satisfy the first element because he does not show that his rights were violated.

In Texas "[i]t is not necessary for the officer to have the arrest warrant in his possession at the time of the arrest." Cook v. State, 470 S.W.2d 898, 899 (Tex. Crim. App. 1971) (citations omitted); see also In re Clark, 977 S.W.2d 152, 156 (Tex. App. — Hous. [14th Dist.] 1998, no pet.) ("Neither the Code of Criminal Procedure nor case law requires 'service' of an arrest warrant."). Hill has not demonstrated that Deputy Perkins lacked probable cause to arrest him.  See Haley v. State, 480 S.W.2d 644, 645 (Tex. Crim. App. 1972) (stating that probable cause "clearly existed" for arrest when warrant check revealed outstanding warrants); Brooks v. State, 76 S.W.3d 426, 434 (Tex. App. — Hous. [14th Dist.] 2002, no pet.) ("[T]he fact that appellant had several outstanding warrants gave the officers probable cause to arrest him.").  Hill does not otherwise allege facts showing that he was arrested in violation of his constitutional rights.  Accordingly, the Complaint will be dismissed for failure to state a claim.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** that Prisoner's Civil Rights Complaint (Docket Entry No. 1) is **DISMISSED with prejudice**

-3-

for plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 26th day of February, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE